UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEMETRIUS MARTINELLO,<br>Plaintiff,<br>v.<br>FRANK BISIGNANO, Commissioner of Social Security,<br>Defendant. | Case No. 2:25-cv-3054-DC-JDP (SS)<br><br>FINDINGS & RECOMMENDATIONS |

Plaintiff challenges the final decision of the Commissioner of Social Security ("Commissioner") denying his application for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act. Both parties have moved for summary judgment. ECF Nos. 10 & 12. For the reasons discussed below, I recommend that plaintiff's motion be granted, the Commissioner's be denied, and the matter remanded for further proceedings.

**Standard of Review**

An Administrative Law Judge's ("ALJ") decision denying an application for disability benefits will be upheld if it is supported by substantial evidence in the record and if the correct legal standards have been applied. *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1052 (9th Cir. 2006). "'Substantial evidence' means more than a mere scintilla, but less than a preponderance; it is such relevant evidence as a reasonable person might accept as adequate to support a conclusion." *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035 (9th Cir. 2007).

"The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities." *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001) (citations omitted). "Where the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). However, the court will not affirm on grounds upon which the ALJ did not rely. *Connett v. Barnhart*, 340 F.3d 871, 874 (9th Cir. 2003) ("We are constrained to review the reasons the ALJ asserts.").

A five-step sequential evaluation process is used in assessing eligibility for Social Security disability benefits. Under this process the ALJ is required to determine: (1) whether the claimant is engaged in substantial gainful activity; (2) whether the claimant has a medical impairment (or combination of impairments) that qualifies as severe; (3) whether any of the claimant's impairments meet or medically equal the severity of one of the impairments in 20 C.F.R., Pt. 404, Subpt. P, App. 1; (4) whether the claimant can perform past relevant work; and (5) whether the claimant can perform other specified types of work. *See Barnes v. Berryhill*, 895 F.3d 702, 703 n.3 (9th Cir. 2018). The claimant bears the burden of proof for the first four steps of the inquiry, while the Commissioner bears the burden at the final step. *Bustamante v. Massanari*, 262 F.3d 949, 953-54 (9th Cir. 2001).

**Background**

On July 25, 2022, plaintiff filed an application for SSI, alleging disability beginning on September 28, 2021. Administrative Record ("AR") 19. After his application was denied both initially and upon reconsideration, plaintiff testified at a hearing before an Administrative Law Judge ("ALJ"). AR []. On December 9, 2024, the ALJ issued a decision finding that plaintiff was not disabled. AR 16-29. Specifically, the ALJ found:

> 1. The claimant has not engaged in substantial gainful activity since July 25, 2022, the application date.
>
> * * *

2. The claimant has the following severe impairments: schizophrenia and depressive disorder, and bipolar disorder.

   * * *

3. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1.

   * * *

4. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform a full range of work at all exertional levels but with the following non-exertional limitations: the claimant can understand, remember and carry out simple instructions. The claimant can perform tasks that do not involve a specific production rate pace such as assembly line work or an hourly production quota work. The claimant can deal with occasional changes in work routine, and the claimant can have occasional interactions with the public, coworkers, and supervisors. * * *

5. The claimant is unable to perform any past relevant work.

   * * *

6. The claimant was born [in] 1996 and was 25 years old, which is defined as a younger individual age 18-49, on the date the application was filed.

7. The claimant has a limited education.

8. Transferability of job skills is not an issue because the claimant does not have past relevant work.

9. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform.

   * * *

10. The claimant has not been under a disability, as defined in the Social Security Act, since July 25, 2022, the date the application was filed.

AR 19-29 (citations to the code of regulations omitted).

Plaintiff requested review by the Appeals Council, which denied the request. AR 1-4. He now seeks judicial review under 42 U.S.C. § 405(g).

**Analysis**

Plaintiff raises three arguments. ECF No. 10. First, he claims that the ALJ erred in failing to properly analyze his subjective symptom testimony about the severity of his limitations. Second, he claims that the ALJ erred by improperly relying on his activities of daily living to attack his credibility. And finally, he contends that the ALJ erred in his application of the Step 3 processes. I find plaintiff's first argument, that the ALJ did not provide sufficient reasons for rejecting his testimony, persuasive. Because I recommend that this error warrants remand, I decline to address plaintiff's remaining arguments.

In the Ninth Circuit, courts follow a "two-step analysis for determining the extent to which a claimant's symptom testimony must be credited." *Trevizo v. Berryhill*, 871 F.3d 664, 678 (9th Cir. 2017). "'First, the ALJ must determine whether the claimant has presented objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged.'" *Id*. (quoting *Garrison v. Colvin*, 759 F.3d 995, 1014-15 (9th Cir. 2014)). If the claimant meets this requirement, and there is no evidence of malingering, the ALJ can reject his symptom testimony only by offering specific, clear, and convincing reasons for doing so. *Id.* "This is not an easy requirement to meet: the clear and convincing standard is the most demanding required in Social Security cases." *Id.* The ALJ's reasons must also be supported by substantial evidence in the record. *Thomas v. Barnhart*, 278 F.3d 947, 959 (9th Cir. 2002).

At the hearing, plaintiff testified that he currently lives in a recovery home where a case manager after looks him. AR 38. His case manager, Carrie, schedules his appointments, takes him to his appointments, and buys him hygiene products, clothes, and more. *Id.* Plaintiff testified that he "always go[es] shopping with somebody," but he can go by himself during the day. AR 39. Apart from shopping and appointments, plaintiff testified that he never leaves his home because he feels paranoid about people. AR 47.

Plaintiff stated that he buys primarily microwavable food for himself because he does not cook. AR 43-44. He also testified that he cleans his bathroom every other week, AR 44, but he

showers about three times a week and does not change his clothes for approximately two to three days, AR 46.

Plaintiff also confirmed at the hearing that he still gets monthly injections (for Invega Sustenna, AR 46) which leaves him "really sleepy" for the entire month. AR 39. Plaintiff relies on Carrier to schedule the appointments for the injections. AR 42. Despite receiving this medication, plaintiff testified that he still hears voices almost daily and sees visions three to four times a month. AR 39-40.

In a functional report, plaintiff stated that he has trouble concentrating and he hears voices. AR 240. He also stated that it is hard for him to shower daily. AR 241. He additionally stated that he does not know how to drive, pay bills, handle a savings account, or use a checkbook. AR 243. Plaintiff also noted that he has a fear of getting stabbed on the street or getting hurt. AR 246.

After summarizing plaintiff's testimony, the ALJ found that plaintiff's "statements concerning the intensity, persistence, and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in this decision." AR 26. This statement is followed by a summary of the medical evidence of record, running from July 2022 to December 2023. The ALJ's lengthy summary of the medical records is followed by the following explanation of how he evaluated plaintiff's allegations:

> As for the claimant's statements about the intensity, persistence, and limiting effects of his symptoms, there are inconsistencies. For example, while the claimant testified at the hearing that he has auditory hallucinations on a near daily basis, and visual hallucinations 3-4 times a month, his testimony is contradicted by statements to treatment providers throughout the record, including Exhibits 4F, 6F, and 8F. As documented at Exhibit 4F/4, on July 13, 2022, the claimant denied any delusions or auditory or visual hallucinations and he had a normal MSE, presenting as well groomed, calm, and cooperative. He maintained good eye contact, speech was normal and thoughts were reality based with no delusions noted. The claimant denied any suicidal ideation and he was alert and fully oriented with intact attention and concentration (p. 5). Similarly, on January 20, 2023, at Exhibit 6F/3, 4, the claimant denied any paranoid thoughts or auditory (or visual) hallucinations, his mood was good and he continued to have an essentially normal MSE. He was well groomed, calm, cooperative, with good eye contact, speech was spontaneous, monotone but

> normal, thought processes were goal directed and thought content was reality based. There were no delusions noted, no perception abnormalities, and his attention and concentration were intact. Progress notes at Exhibit 8 F/6 indicate he continued to do well on his injectable medication regimen of Invega Sustenna, and he was assessed as stable with good mood. He specifically denied any depression, auditory or visual hallucinations, he had good mood, and his response to medications was good (p. 8).

AR 26.

Here, the ALJ cited the inconsistency between the objective medical evidence and plaintiff's testimony. The ALJ rejected plaintiff's testimony about the frequency of his hallucinations because plaintiff had previously told some medical providers that he did not experience hallucinations. While plaintiff denied hallucinations at times, there is also evidence that plaintiff has suffered from hallucinations in the past. *See* AR 369 ("25 [year old] male with schizophrenia w/ auditory hallucinations."); AR 512 ("Hallucinations- denies; last episode of [auditory hallucinations]- 2021 to early 2023 Delusions- denies; last episode of paranoid thoughts- early 2021.").

In determining the credibility of subjective symptom testimony, "the ALJ cannot cherry pick the evidence which supports her finding while ignoring other contradictory evidence." *Fidel R.P. v. O'Malley*, 754 F. Supp. 3d 986, 994 (N.D. Cal. 2024) (collecting cases). Because the ALJ cherry picked evidence supporting her opinion "while ignoring other contradictory evidence[,]" the ALJ committed reversible err when she rejected plaintiff's testimony regarding the frequency of his hallucinations. *See id*.

Based on the foregoing, the court finds that the ALJ erred by rejecting plaintiff's testimony absent clear and convincing reasons. Accordingly, the matter should be remanded for further proceedings. *See Dominguez v. Colvin*, 808 F.3d 403, 407 (9th Cir. 2015) ("A district court may reverse the decision of the Commissioner of Social Security, with or without remanding the case for a rehearing, but the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation.") (internal quotes and citations omitted); *Treichler*, 775 F.3d at 1105 (9th Cir. 2014) ("Where . . . an ALJ makes a legal error, but the record is uncertain and ambiguous, the proper approach is to remand the case to the agency.").

Accordingly, it is hereby RECOMMENDED that:

1. Plaintiff's motion for summary judgment, ECF No. 10, be GRANTED.
2. The Commissioner's cross-motion for summary judgment, ECF No. 12, be DENIED.
3. The matter be remanded for further proceedings consistent with the court's order.
4. The Clerk of Court be directed to enter judgment in plaintiff's favor and close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days of service of these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Any such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations," and any response shall be served and filed within fourteen days of service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *See Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: August 7, 2026

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE